Filed 12/21/21  P. v. Whitfield CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077387 |
| v. | (Super.Ct.No. BAF004743) |
| BENNIE LEE WHITFIELD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

Defendant and appellant, Bennie Lee Whitfield, filed a petition for resentencing pursuant to Penal Code section 1170.18,[1] which the court denied without prejudice. After defendant filed a notice of appeal, this court appointed counsel to represent him.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and identifying one potentially arguable issue: whether the court erred in finding defendant had failed to prove the value of the stolen vehicle was $950 or less. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2006, the People charged defendant with theft of a vehicle having suffered a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a), Veh. Code, § 10851, count 1) and receipt of a stolen vehicle (Pen. Code, § 496d, subd. (a), count 2). On April 3, 2006, pursuant to a negotiated plea, defendant pled guilty to count 1. In return, the court dismissed the remaining count and sentenced defendant to the low term of two years in prison.

On December 31, 2020, defendant filed a petition for resentencing pursuant to section 1170.18. The People filed a response, maintaining defendant was ineligible for the relief requested because he had failed to meet his burden. The court set the matter for a hearing.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

At the hearing on May 20, 2021, defense counsel stated: "[T]his is a theft of a motorcycle. I believe it was a 250 Ninja Kawasaki. We were able to look at the police report and the police report factored it between $300 and $4,000. I can also represent to the Court that the officer mentioned that the Kawasaki was in good condition. The Kawasaki was two years old, and [the People] and I determined a value of a base model of . . . a 2004 base model was . . . ." The People interjected, "$2,999." The court then found "that the defense has failed to carry their burden, so the petition is denied without prejudice."

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record and that such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which held that in uncontested appeals from the denial of a postjudgment petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th

3

266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].)  This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources. For instance, the record on appeal in this case consists of only 16 pages in the clerk's transcript and one page in the reporter's transcript.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
_____
Acting P. J.

We concur:

MILLER
_____
J.

CODRINGTON
_____
J.